Robert M. Saunders (CA Bar No. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail: rsaunders@pszjlaw.com

Special Counsel to Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

**(Assigned to Judge Smith, located in the Santa Ana Division)**

In re

CALIFORNIA POWER EXCHANGE CORPORATION,

Reorganized Debtor.

Case No.: 2:01-bk-16577-ES

Chapter 11

**REORGANIZED DEBTOR'S MOTION FOR ORDER IN AID OF CONSUMMATION OF CHAPTER 11 PLAN APPROVING FINAL CLEARING OF ITS MARKETS, PAYMENT OF CLASS 6 AND 7 CLAIMS, AND WIND DOWN OF OPERATIONS PURSUANT TO CONFIRMED AND EFFECTIVE PLAN AND AN ORDER OF THE FEDERAL ENERGY REGULATORY COMMISSION; MEMORANDUM OF POINTS AND AUTHORITIES**

**[Declaration of David K. Gottlieb filed concurrently herewith]**

[No hearing requested pursuant to LBR 9013-1(o)]

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE FEDERAL ENERGY REGULATORY COMMISSION, CALPX/CAISO MARKET PARTICIPANTS THAT ARE OWED/OWING REFUND AMOUNTS PURSUANT TO THE FERC REFUND**



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PROCEEDING[1] AND PARTIES ON THIS COURT'S ECF SERVICE LIST AND/OR REQUESTING SPECIAL NOTICE:**

By this Motion, California Power Exchange Corporation (the "Reorganized Debtor" or "CalPX") seeks an order of this Court approving the funds distribution, market clearing, and corporate wind down procedures (the "Procedures") set forth in the May 20, 2021 *Order Accepting Settlement Overlay Compliance Filing* (*San Diego Gas & Elec. Co. v. Sellers of Energy and Ancillary Services into Markets Operated by the California Independent System Operator Corporation and the California Power Exchange*), 175 FERC ¶ 61,121 (2021) (the "FERC Overlay Order) of the Federal Energy Regulatory Commission ("FERC"), a copy of which is annexed to the concurrently filed *Reorganized Debtor's Request for Judicial Notice in Support of Reorganized Debtor's Motion for Order in Aid of Consummation of Chapter 11 Plan Approving Final Clearing of Its Markets, Payment of Class 6 And 7 Claims, and Wind Down of Operations Pursuant to Its Confirmed and Effective Plan and an Order of the Federal Energy Regulatory Commission* ("RFJN") as Exhibit A thereto. Certain provisions of the *Official Committee of Participant Creditors' Fifth Amended Chapter 11 Plan, as Modified (Revised October 1, 2002)* (the "Plan")[2] are made expressly subject to orders of FERC such as the FERC Overlay Order. This Court's approval of the Procedures approved by FERC will permit CalPX to: (1) perform the final clearing of its 2000-2001 energy markets; (2) pay the Class 6 and 7 Claims, which are the final remaining claims to be paid under the Plan; and (3) wind down CalPX's operations, so that CalPX may conclude its chapter 11 case (the "Case") and dissolve its corporate entity. This Motion is supported by the *Declaration of David Gottlieb in Support of Reorganized Debtor's Motion for Order in Aid Of Consummation of Chapter 11 Plan Approving Final Clearing of Its Markets, Payment of Class 6 And 7 Claims, and Wind Down of Operations Pursuant to Its Confirmed and Effective Plan and an Order of the Federal Energy Regulatory Commission* (the "Gottlieb Declaration") filed concurrently herewith.

---

[1] The movant is also emailing parties to the FERC Refund Proceeding Docket EL00-95 who are on FERC's email service list for that docket.

[2] Capitalized terms that are not expressly defined herein shall have the meanings ascribed to such terms in the Plan. The Plan is annexed to the Confirmation Order (defined below).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This Motion constitutes a near final step toward the conclusion of this postconfirmation Case. More than nineteen years ago, on November 1, 2002, this Court entered its Confirmation Order confirming the Plan, which provides for certain distribution procedures that are expressly subject to replacement by alternative terms that may be approved by FERC. Approximately eighteen years after the April 1, 2003 Effective Date of the Plan, FERC, on May 20, 2021, issued its FERC Overlay Order, which approved the calculation of "refunds for transactions that took place in the California organized markets during the Refund Period (October 2, 2000 – June 20, 2001)" and approved steps for market clearing and the wind down of CalPX. The FERC Overlay Order thereby facilitates distributions to Plan Classes 6 and 7, which distributions were dependent on a FERC order under the express terms of the Plan. Plan § III.C.3, Classes 6 and 7 (timing distributions for when "distribution has been authorized or allowed by FERC"). The distribution procedures approved by FERC in the FERC Overlay Order differ from much of the distribution terms set forth in Plan Exhibit 3 *Allowance and Distribution Procedures*; nevertheless, they become the distribution procedures under the Plan by such express Plan terms (as identified below). By this Motion, the Reorganized Debtor asks this Court to approve the same distribution, market clearing, and wind down Procedures approved by FERC in the FERC Overlay Order, thereby permitting distributions to Plan Classes 6 and 7.

**II.**

**JURISDICTION**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3020(d) and 3021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[3] Also, this Court retained jurisdiction regarding

[3] 11 U.S.C. §§ 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

this Case in its *Order (Revised October 28, 2002) Confirming Official Committee of Participant Creditors' Fifth Amended Chapter 11 Plan, as Modified (Revised October 1, 2002)*, entered November 1, 2002 [Docket No. 1001-1] (the "Confirmation Order"). Confirmation Order ¶ 17, referencing Plan § IV.G. *See Stone v. 350 Encinitas Invs., LLC (In re 350 Encinitas Invs., LLC)*, 313 F'Appx 70, 72 (9th Cir. 2009) (bankruptcy court retains jurisdiction to interpret own orders).

**III.**

**BACKGROUND**

**A. CalPX's Plan of Reorganization**

CalPX is a California nonprofit public benefit corporation established by the California legislature in 1997 to operate wholesale electricity markets as part of California's electric industry restructuring. CalPX is a public utility under the jurisdiction of FERC pursuant to section 201 of the Federal Power Act, 16 U.S.C. § 824 (the "FPA"). As a result of the 2000-2001 California electricity crisis and several market participants' nonpayment of amounts due to the CalPX clearinghouse for purchased electricity, CalPX commenced its Case on March 9, 2001, by filing a voluntary chapter 11 petition under the Bankruptcy Code. Under the terms of the Plan, its Effective Date occurred on April 1, 2003 (the "Effective Date"), following notice to FERC and FERC's approvals, as addressed in the Confirmation Order and the Plan.

Under the Plan, Class 6 and Class 7 Claims are Claims of CalPX market participants and of the California Independent System Operator ("CalISO"). CalPX market participants are categorized as: (1) the investor-owned utilities or "IOUs," consisting of Pacific Gas & Electric Company, Southern California Edison Company and San Diego Gas & Electric Company, or any of them or (2) "Participant Creditors," which are all Claimants other than the IOUs that signed CalPX Participation

---

to carry out the provisions of this title.); 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan."); Fed. R. Bankr. P. 3020(d) ("Notwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate."); 3021 ("Except as provided in Rule 3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). *See In re TE Holdcorp, LLC*, 2021 Bankr. LEXIS 1301, at *13 (Bankr. D. Del. May 14, 2021) ("The power the Court retains under Bankruptcy Rule 3020(d) is parallel to the Court's power under Bankruptcy Code section 1142(b).").



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Agreements or which assert they are owed money for sales into the markets administered by the CalISO, for which CalPX acted as a scheduling coordinator. Class 6 claims include: (a) Refund Claims of IOUs and Participant Creditors arising from transactions in CalPX's markets and (b) claims arising from transactions in the CalISO markets for which CalPX acted as a scheduling coordinator for Participant Creditors. Class 7 claims include: (i) claims arising from transactions in the CalISO markets for which CalPX acted as a scheduling coordinator for the IOUs and (ii) all claims of the CalISO. Plan § III.C.3, Classes 6 and 7.

The Plan provides that payment of Class 6 and Class 7 claims shall occur when "authorized or allowed by FERC." *Id*. The Plan's *Allowance and Distribution Procedures*, which are annexed to the Plan as its Exhibit 3, state that the procedures for determining amounts allowed on such claims and the manner of payment shall be as established pursuant to "rule, order or judgement of FERC" or of a Court other than the bankruptcy court having jurisdiction over the matter. *Id.* Exh. 3 § B.1. This provision of the *Allowance and Distribution Procedures* of the Plan comports with section 201 of the FPA, 16 U.S.C. § 824, which provides FERC with jurisdiction over the transmission and sale for resale of electric energy in interstate commerce. As part of FERC's jurisdiction over wholesale electricity sales, section 205 of the FPA requires that rate schedules for the sale of wholesale electricity be filed with FERC and that all such rates must be "just and reasonable." *Id.* § 824(d).

**B. <u>CalPX's Participation in the FERC Refund Proceeding</u>**

Since 2000, CalPX has been a party to the FERC Docket No. EL00-95 et al., known as the "<u>FERC Refund Proceeding</u>" by which the amounts owed and owing to the Class 6 and Class 7 Claimants have been litigated. Pursuant to this litigation, CalPX was tasked with recalculating its 2000-2001 energy markets based on criteria determined by FERC to ensure just and reasonable wholesale electricity rates during the refund period. CalPX was also directed to calculate refunds owing from sellers to the purchasers in CalPX's markets. The IOUs were net purchasers in the markets, while the Participant Creditors were generally net sellers.

During the course of the FERC Refund Proceeding, the IOUs, along with California Attorney General, the California Public Utilities Commission and the California Department of Water Resources (collectively, the "<u>California Parties</u>"), settled with substantially all of the Participant





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Creditors in CalPX's markets. FERC approved such settlements, as well as the use of the CalPX clearinghouse as the source of the majority of such settlement funds. CalPX's initial calculations of refund amounts therefore had to be trued up to account for the amounts that had been paid out pursuant to such settlements. The California Parties, with assistance from CalPX and the CalISO, performed such true-up calculations. On April 22, 2020, the California Parties filed these calculations in the FERC Refund Proceeding pursuant to their *Petition for Approval of (1) Settlement Overlay Calculations, (2) Final Payments of Amounts Owed and Owing, (3) Termination of the Activities of the California Power Exchange, and (4) Related Relief*, which is annexed to the RFJN to as Exhibit B thereto (the "Overlay Petition").

On May 20, 2021, FERC issued the FERC Overlay Order. In the such order, FERC stated:

> As an initial matter, we note that the Settlement Overly [sic] Compliance Filing [i.e., the Overlay Petition] is the result of the joint efforts of the California Parties, CAISO, CalPX, and affected market participants. These entities worked diligently for almost two years to perform these complex settlement overlay calculations, while resolving disputes that arose during the process. Moreover, . . . after the Settlement Overlay Compliance Filing was submitted, the California Parties worked with Riverside, SMUD, and APX and APX Participants to resolve outstanding issues. As a result, the Settlement Overlay Compliance Filing is uncontested.

FERC Overlay Order ¶ 60.

In the FERC Overlay Order, FERC accepted the proposed methodologies used in the Overlay Petition to calculate the Refund Claims. FERC also accepted the final amounts owed and owing to market participants pursuant to such calculations, and as between CalPX and the CalISO, subject to final interest calculations and adjustments that had occurred since the submitted amounts had been calculated. *Id.* ¶¶ 1, 33. FERC additionally approved the procedures set forth in the Overlay Petition for CalPX to perform the financial clearing of its markets based on the final amounts owed and owing to market participants. *Id.* ¶¶ 28-44. FERC further accepted the process for winding down CalPX's operations, concluding its Case and dissolving its corporation. *Id.* ¶¶ 45-47.

Significantly, regarding the Plan, the FERC Overlay Order states:

> We find that once this order becomes final, the refund calculations accepted in this order are appropriate to use for the distribution





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> procedures under CalPX's Plan of Reorganization.

*Id.* ¶ 63. Also significantly, FERC recognized that the approval of the Procedures would also be sought in this Court:

> [T]he California Parties propose that approvals will be sought in both the CalPX and PG&E bankruptcy courts, eliminating any concern or question that PG&E and CalPX are authorized to implement final clearing pursuant to this process notwithstanding their pending Chapter 11 bankruptcy cases.

*Id.* ¶ 31.[4]

**C. <u>The Confirmation Order and Plan Incorporate FERC's Orders</u>**

The Confirmation Order states in pertinent part that "[t]he Plan properly provides for the involvement of the Federal Energy Regulatory Commission ('FERC') with respect to matters within its jurisdiction and as more specifically identified throughout the Plan." Confirmation Order ¶ L; *see id*. ¶¶ 13 (providing that the Confirmation Order shall constitute governmental units approvals, "except to the extent the Plan or applicable law explicitly requires that a particular determination be made by FERC."), 14 (providing that the Plan is binding, and stating that: "[n]othing in this paragraph, however, shall alter the provisions of the Plan requiring notices to or approvals by FERC.").[5]

Also, the Plan provides: "Nothing in the Plan is intended to nor does the Plan confer jurisdiction, power or authority upon, or modify the jurisdiction, power or authority of, any judicial

---

[4] *Cf. ETC Tiger Pipeline, LLC*, 171 FERC ¶ 61,248, 62829 and n.57 (2020) (order on pet. for decl. order) (recognizing that with regard to "the interaction between the Bankruptcy Code and . . . the FPA," "the law is unsettled in this area."); *ETC Tiger Pipeline, LLC*, 172 FERC ¶ 61,155, 62078 and n.11 (2020) (denying reh'g; same); Richard E.B. Dornfeld, *A Kafkaesque Process? FERC Jurisdiction During Chapter 11 Bankruptcy*, 46 Mitchell Hamline L. Rev. 1, 36 (2019) ("by its very terms, section 1129(a)(6) assumes a 'regulatory commission' with rate regulatory authority will be involved in the reorganization process by exercising its normal authority."); Humphrey R. Kweminy, *Resolving the Jurisdictional Tussle Over Power Purchase Agreements in Electricity Utility Bankruptcy: Lessons from PG&E's Recent Chapter 11 Reorganization*, 49 Cap. U.L. Rev. 277, 313 and n.235 (2021) ("the reorganization of utility companies presents 'an extensive and perplexing array of circular questions' arising from the interpretation of language in Section 1129(a)(6).").

[5] In addition, the Effective Date of the Plan, which (as stated above) occurred on April 1, 2003, had been conditioned on FERC's approval. Plan § II.32 (defining Effective Date as "[t]he date which is the last of . . . (iii) the date any FERC approvals or notices to FERC required with respect to the use of funds from the Settlement Clearing Account for the Class 3/4/5 Account, the Reorganized Debtor Expense Reserve, the Litigation Expense Reserve, and all related sub-reserves.").



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

or regulatory body." Plan § IV.G. Additionally, Plan Exhibit 3 *Allowance and Distribution Procedures* provides:

> The amount of each Class 6 and 7 claim shall be determined in accordance with a calculation methodology or allocation established pursuant to rule, order or judgment of FERC, and in accordance with Section III.C.3 of the Plan. . . . Payments from the Settlement Clearing Account shall be made on account of Class 6 and Class 7 Allowed Claims, subject to such adjustments and priorities, and in a manner, as may be established by FERC. . . . The Reorganized Debtor shall comply with all orders of FERC respecting the allowance and payment of Refund Claims.

*Id.* Exh. 3 § B.1. Under such Plan exhibit, initial, interim, and final distributions are also subject to FERC orders. *Id*. § B.2, 3 and 4; s*ee id*. §§ B.6 (Distributions to Class 7 through CalISO subject to FERC orders); C.2 ("All distributions under the Plan shall be made in compliance with FERC orders."). Therefore, pursuant to the Confirmation Order and Plan, the Plan's terms that would apply in the absence of a FERC order are substantially subject to any conflicting terms in FERC orders, including the FERC Overlay Order.

## IV.

## ARGUMENT

### A. The Plan Provides for FERC to Determine the Amounts of the Class 6 and Class 7 Claims and the Manner of Their Distribution

In accordance with FERC's jurisdiction pursuant to the FPA over wholesale electricity rates, the Plan expressly provides for FERC to determine the amounts of the Class 6 and Class 7 Claims and the manner of their distribution:[6]

> The amount of each Class 6 and Class 7 claim shall be determined in accordance with a calculation methodology or allocation established pursuant to rule, order of judgment of FERC, and in accordance with Section III.C.3 of the Plan. . . . Payment from the Settlement Clearing Account shall be made on account of Class 6 and Class 7 Allowed Claims, subject to such adjustments and priorities, and in such manner, as may be established by FERC.

[6] As stated above, the Plan provides that payment of Class 6 and Class 7 claims shall occur when "authorized or allowed by FERC." Plan § III.C.3, Classes 6 and 7.





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Plan Exh. 3 *Allowance and Distribution Procedures* § B.1. Section III.C.3 of the Plan states:

> As soon as practicable when Cash is available for distribution and distribution has be authorized or allowed by FERC, all funds remaining in the Settlement Clearing Account after . . . payment of any other amounts authorized by FERC, shall be distributed or reserved on account of Class 6 and Class 7 Allowed Claims in the manner and to the extent authorized by FERC, and in accordance with the Allowance and Distribution Procedures. The allocation of funds in the Settlement Clearing Account between claims in Classes 6 and 7 shall be in accordance with the determination of FERC.

*Id.* § III.C.3, Classes 6 and 7. The Plan further directs that CalPX "shall comply with all orders of FERC respecting the allowance and payment of Refund Claims." *Id.* Exh. 3 *Allowance and Distribution Procedures* § B.1.[7]

The Plan also provides that, "[w]ith respect to a claim in Class 6 or 7, the claim may only be determined to be an Allowed Claim in accordance with section B.1 of the *Allowance and Distribution Procedures*." *Id.* § II.2 (definition of "Allowed Claim"). Such section B.1 provides that:

> Forty-five (45) days following the entry of such order or judgment or adoption of such rule [of FERC], unless and to the extent that such rules, order or judgment is stayed, the claim shall be deemed to be an Allowed Claim in such amount when the calculation or allocation is made." (Plan, Section B.1 of the *Allowance and Distribution Procedures*").

*Id.* Exh. 3 *Allowance and Distribution Procedures* § B.1.

Thus, pursuant to the Plan, the Refund Amounts of the Class 6 and Class 7 Claims and the manner of their distribution are to be determined by FERC. FERC determined such matters on May 20, 2021, in its FERC Overlay Order, which has not been stayed. The Class 6 and 7 Claims therefore become Allowed Claims on July 4, 2021, forty-five days after the issuance of the FERC Overlay Order.

[7] A "Refund Claim" is "a claim, other than a Chargeback claim, of a Participant Creditor or IOU for a refund ordered by FERC to be paid by or through CalPX pursuant to the terms of the CalPX Tariff or CalISO Tariff for market transactions." Plan § II.51.



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B. The FERC Overlay Order Governs the Calculation and Distribution of Class 6 and Class 7 Claims**

**1. FERC Accepted the Uncontested Class 6 and Class 7 Claims Refund Amounts and Related Processes Recommended in the Overlay Petition**

By its FERC Overlay Order, FERC accepted the recommendations set forth in the Overlay Petition with respect to: (a) the methodology for the calculation of the Refund Amounts of the Class 6 and Class 7 Claims, (b) the Refund Amounts of the Class 6 and Class 7 Claims calculated pursuant to such approved methodology, (c) the true-up of such Refund Amounts for applicable interest and any subsequent adjustments to market participants' accounts, (d) the manner and timing of the distribution of Refund Amounts by CalPX, and (e) the processes for winding down CalPX's operations and funding for such activities.

In accepting the calculations and procedures recommended in the uncontested Overlay Petition, FERC stated that "the settlement overlay filing at issue here addresses the final market clearing process in this proceeding, which has spanned more than 20 years . . . ." FERC Overlay Order ¶ 2.[8]

In accepting the calculations of the Class 6 and 7 Refund Claims set forth in the Overlay Petition, as well as the recommended procedures for their distribution and for the wind down of the CalPX, FERC noted that the Overlay Petition:

> is the result of the joint efforts of the California Parties, CAISO, CalPX and affected market participants. These entities worked diligently for almost two years to perform these complex settlement calculations, while resolving disputes that arose during the process.

*Id.* ¶ 60. FERC also noted that the Overlay Petition is uncontested by the parties to the proceeding and concluded that it "represents a just and reasonable resolution of a lengthy and complicated proceeding" and that "the prompt implementation of the proposed 15-step market clearing process will bring this proceeding to long-awaited closure in an orderly manner." *Id.* ¶¶ 60-62.

[8] FERC then recounted many of the significant issues that had been litigated and determined in the FERC Refund Proceeding subsequent to FERC's finding in November 2000 that California's market structure and market rules for wholesale sales of electric energy were seriously flawed, causing unjust and unreasonable rates. FERC Overlay Order ¶¶ 3-13.



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**2. <u>By Its Terms, the Plan Is Subject to the Terms of the FERC Overlay Order Rather Than Its *Allowance and Distribution Procedures* for Class 6 and Class 7 Claims to the Extent They Conflict</u>**

As stated above, although Exhibit 3 of the Plan sets forth *Allowance and Distribution Procedures,* such procedures provide that FERC shall determine the calculation and the distribution procedures for the Class 6 and Class 7 Claims, and direct CalPX to "comply with all orders of FERC respecting the allowance and payment of Refund Claims." Plan Exh. 3 §§ B.1 ("The amount of each Class 6 and Class 7 claim shall be determined in accordance with a calculation methodology or allocation established pursuant to rule, order or judgment of FERC" and "Payments from the Settlement Clearing Account shall be made on account of Class 6 and Class 7 Allowed Claims, subject to such adjustments and priorities, and in such manner, as may be established by FERC . . . ." *Id*. § C.2 ("All distributions under the Plan shall be made in compliance with FERC orders.").

In fact, the *Allowance and Distribution Procedures* have been mooted by events that have occurred over the last almost 20 years. As recognized by FERC:

> CalPX explains that the Plan of Reorganization approved in 2002 by the bankruptcy court set forth **provisional** procedures for distributions to market participants. According to CalPX, those procedures **have been mooted by subsequent events** and will be superseded by a Commission [i.e., FERC] order to be issued in the instant proceeding.

FERC Overlay Order ¶ 56 (emphasis added).

Drafted in 2002, the Plan's *Allowance and Distribution Procedures* had envisioned initial, interim, and final distributions to the holders of Class 6 and Class 7 Allowed Claims, while expressly stating that such procedures were subject to FERC's ultimate orders on claims distributions. Plan Exh. 3 §§ B.2, B.3, B.4. These *Allowance and Distribution Procedures* also included a certification procedure for distributions to Class 6 and Class 7 Claims whereby at least fifteen days prior to any distribution CalPX would prepare a certificate stating: (1) the total amount to be distributed to Classes 6 and/or Class 7, (2) the amount due on the holder's Allowed Claim, (3) the amount to be distributed to the Allowed Claim holder based on the information maintained by CalPX, (4) the source of the distribution, (5) the obligations to which such distribution should be applied, and (6) the date of the proposed distribution. *Id.* Exh. 3 § B.5.a. Each Allowed Claim holder would be



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

required to sign the certificate under penalty of perjury either certifying that the amount of its Allowed Claim stated in the certificate is true and correct or stating another amount. Such *Allowance and Distribution Procedures* also included provisions for the forfeiture of an Allowed Claim if the holder failed to return the certificate. *Id.* Exh. 3 § C.5.

Under the FERC Overlay Order, the initial and interim disbursements have been eliminated because it provides for only one final disbursement of Refund Amounts to market participants, which may be followed by a supplemental disbursement of any excess amounts withheld from the final disbursement of Refund Amounts to account for the possibility that one or more net sellers may not pay the full amount owed to CalPX. The Plan also had required CalPX make distributions by mail, unless otherwise agreed by the party making the distribution. The FERC Overlay instead requires that distributions be made by CalPX pursuant to notarized wire instructions provided by market participants. The FERC Overlay Order also provides for different procedures regarding unclaimed distributions. Market participants that do not provide notarized wire instructions will not receive payment on the date that distributions are made, and any amounts owed to them will be retained by CalPX for forty-five days after the final payment date pending receipt of such information. If such wire information is not thereafter provided, any amounts owed will be paid to other market participants pursuant to a methodology specified in the Overlay Petition. Overlay Petition at 45.

The certification procedures from the Plan were eliminated in the FERC Overlay Order because the Refund Amounts were set forth in the Overlay Petition and they were uncontested by any market participant. The FERC Overlay Order sets forth the fifteen-step process (instead of the certification procedure) for the final allowance and distribution of the Refund Amounts. FERC Overlay Order ¶¶ 28-44. The procedures in the FERC Overlay Order and Overlay Petition include: (1) a final true-up for interest and subsequent payments/charges to participants' accounts, (2) market participants providing notarized wiring instructions to CalPX for payment of their Class 6 and Class 7 Claims, (3) CalPX issuing invoices of final amounts owed/owing by/to participants, and (4) publicly noticed payment dates, which provide for amounts due to the CalPX clearinghouse to be paid prior to amounts to be paid out in order to clear the markets. In addition, the FERC-accepted





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

procedures include an allocated Default Fund, and CalPX will file with FERC an accounting of any unpaid amounts once CalPX has cleared its markets. Overlay Petition at 48-49; FERC Overlay Order ¶ 42. Market participants will have ninety days thereafter to request that FERC take enforcement action against such defaulting participants. *Id.*

In addition, the Plan had contemplated that the distribution of funds held by CalPX on account of Class 7 Allowed Claims would be made through CalISO, unless otherwise ordered by FERC. Plan Exh. 3 § B.6. Class 7 Claims are those arising from IOU transactions in the CalISO markets for which CalPX acted as the scheduling coordinator, as well as CalISO's claims. However, this procedure was drafted before the settlements between the IOUs and the Participant Creditors in which the markets of the CalPX and CalISO were combined for refund purposes. The Refund Amounts set forth in the Overlay Petition that were accepted by FERC thus necessarily combined the amounts owed/owing by a participant in both the CalPX and CalISO markets. As part of these FERC-approved settlements, amounts due by the CalISO were funded from the CalPX Settlement Clearing Account in exchange for a credit on the CalPX clearinghouse's debit balance with the CalISO. The Overlay Petition and the FERC Overlay Order therefore eliminated the Plan's procedure that Class 7 Claims be paid by CalPX through the CalISO.

The Plan's *Allowance and Distribution Procedures* were drafted almost twenty years ago and prior to the settlements between market participants pursuant to the FERC Refund Proceeding. The Plan expressly states that such procedures are subject to subsequent FERC orders. By its FERC Overlay Order, FERC has accepted the allowance and distribution procedures that are set forth in the Overlay Petition, which were uncontested by all parties to the proceeding and which take into account the litigation and settlements in the FERC Refund Proceeding. Therefore, the Procedures should be approved by this Court.

**C. <u>The FERC Overlay Order Adopts Processes for Wind Down and Dissolution</u>**

The Plan sets forth the "limited purposes" of CalPX as the Reorganized Debtor, which are to: (1) maintain and preserve its books and records and produce any required information therefrom, (2) perform necessary calculation and data processing functions with respect to such records, (3) make authorized disbursements and payments, and (4) perform all other acts called for under the Plan or as





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

may be authorized by the Bankruptcy Court, FERC or another court with jurisdiction in furtherance of CalPX's exempt and public purposes. *Id*. § III.D.2.a. The Plan further provides that CalPX:

> shall be dissolved when it has performed all of its duties under this Plan, including the final disposition of all of the property, claims, rights and causes of action of the debtor and its estate, payment of all administrative expenses, and distribution of assets and proceeds as provide in this Plan, subject to any FERC approval or notice that may be required.

*Id.* § III.D.2.e.

In its April 1, 2003 order approving the provisions of the Plan, FERC likewise directed that CalPX be "dissolved following completion of these functions, subject to Commission approval." *California Power Exch. Corp*., 103 FERC ¶ 61,001 (2003) (order approving plan) (annexed to RFJN as Exh. C). By its Overlay Order, FERC has approved the wind down process for CalPX upon the final clearing of its markets and payment of the Class 6 and 7 Allowed Claims. FERC determined that, "[t]he wind-down process for CalPX [set forth in the Overlay Petition] also appears to be a reasonable means of ensuring that CalPX is able to perform its remaining obligations prior to its dissolution." FERC Overlay Order ¶ 62.

In 2006, FERC approved an uncontested Rate Case Settlement reached by CalPX and its market participants for CalPX's continued funding pursuant to rate case filings until its prescribed activities were completed. *California Power Exch. Corp*, 113 FERC ¶ 61,017 (2005) (approving settlement) (annexed to the RFJN as Exh. D). The Rate Case Settlement provided for the placement of a maximum of $7.5 million into a segregated subaccount within the Settlement Clearing Account for payment of CalPX's final wind down expenses. In 2020, FERC approved the use of such funds in specified amounts for CalPX's final wind down expenses once the FERC Overlay Order becomes final and nonappealable. *See* June 11, 2020 FERC Acceptance of CalPX's Rate Schedule No. 1 for Rate Period 37 (annexed to the RFJN as Exh. E) ("Rate Period 37 Acceptance"); April 30, 2020 CalPX Rate Case Filing for Rate Period 37 ("Rate Case Filing"); Testimony of David K. Gottlieb (Rate Case Filing Exh. CPX-1) (the "Gottlieb Testimony") at 28-44.

The activities necessary for CalPX to wind down its operations, close its bankruptcy proceeding, and dissolve the CalPX corporate entity are set forth in the Overlay Petition, as well as





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

in CalPX's rate schedule for Rate Period 37 ("Rate Period 37 Schedule") and FERC's acceptance of this Rate Period 37 Schedule. *See* Overlay Petition at 50-53; Rate Period 37 Acceptance; Rate Case Filing; Gottlieb Testimony. These wind down activities include the retention and ultimate destruction of CalPX's books and records. *See* FERC Overlay Order ¶ 64; Overlay Petition at 52. In its Rate Period 37 Acceptance, FERC approved procedures whereby CalPX's books and records will be maintained for a six-year period prior to destruction in order to comply with requirements of insurance carriers providing run-off insurance for CalPX and its Board of Directors. CalPX's books and records will be accessible to FERC and CalPX market participants during this period, although CalPX does not anticipate any such requests given that the Overlay Petition was uncontested by participants, and the FERC Overlay Order is final and non-appealable. *See* Gottlieb Testimony. A records custodian designated by CalPX will coordinate any such requests that may occur.

FERC has also accepted CalPX's proposed procedures in order to provide for lease obligations and office closure expenses, payments due to employees, purchasing run-off insurance for the corporation and the Board of Directors, obtaining Bankruptcy Court approval to close the CalPX bankruptcy case, and preparing and filing final tax returns and corporate dissolution documents. *See* Rate Period 37 Acceptance. CalPX requests that this Court likewise approve these Procedures and funding mechanisms in order to wind down CalPX's operations and its corporate entity.

**D. CalPX Seeks Court Approval to Implement the FERC Overlay Order to Clear Its Markets, Pay the Class 6 and Class 7 Allowed Claims, and Wind Down Its Operations**

FERC's Overlay Order and its acceptance of the refund methodologies, amounts, and distribution procedures, as well as the procedures to wind down CalPX that are set forth in the Overlay Petition, effectively concludes over two decades of litigation before FERC resulting from the 2000-2001 California electricity crisis. The fact that the Overlay Petition was ultimately uncontested by any market participant or party to the FERC Refund Proceeding demonstrates that its provisions are accepted by all parties and its procedures are appropriate and feasible to implement.

By this Motion, CalPX therefore seeks the approval of this Court to implement the FERC Overlay Order, including FERC's acceptance of the provisions of the Overlay Petition with respect

to:

(1) the methodologies for calculating the Class 6 and Class 7 Claims;

(2) the refunds and other amounts comprising the Class 6 and Class 7 Claims;

(3) the processes and Procedures for the allowance and distribution of payments with respect to the Class 6 and 7 Claims, as an alternative to the *Allowance and Distribution Procedures* set forth in Section B, Exhibit 3 of the Plan; and

(4) the processes, Procedures, and funding for the wind down of CalPX operations; the closure of its chapter 11 case: and the dissolution of its corporate entity as set forth in the Overlay Petition and Rate Period 37 Acceptance.

For all the foregoing reasons, CalPX requests that this Court grant this Motion.

**V.**

**NOTICE**

Notice of this Motion has been provided to this Court, the office of the United States Trustee, FERC, CALPX/CAISO market participants that are owed/owing refund amounts pursuant to the FERC Refund Proceeding[9] and parties on this Court's ECF service list and/or requesting special notice:

the FERC service list for the FERC Refund Proceeding docket, and all parties on this Courts ECF service list and/or requesting special notice. In light of the circumstances and the relief requested herein, the Reorganized Debtor submits that no other or further notice is required.

[9] The movant is also emailing parties to the FERC Refund Proceeding Docket EL00-95 who are on FERC's email service list for that docket.





PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**VI.**

**CONCLUSION**

**WHEREFORE**, the Reorganized Debtor respectfully requests that the Court enter an order approving the Procedures, and grant such other and further relief as the Court deems appropriate and just.

DATED: July 1, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Robert M. Saunders*
Robert M. Saunders
Special Counsel to Reorganized Debtor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify)*: ***REORGANIZED DEBTOR'S MOTION FOR ORDER IN AID OF CONSUMMATION OF CHAPTER 11 PLAN APPROVING FINAL CLEARING OF ITS MARKETS, PAYMENT OF CLASS 6 AND 7 CLAIMS, AND WIND DOWN OF OPERATIONS PURSUANT TO CONFIRMED AND EFFECTIVE PLAN AND AN ORDER OF THE FEDERAL ENERGY REGULATORY COMMISSION; MEMORANDUM OF POINTS AND AUTHORITIES*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 1, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 1, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 1, 2021,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 1, 2021 | Myra Kulick | /s/ *Myra Kulick* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE INFORMATION FOR CASE NO. 2:01-bk-16577-ES**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- *Franklin C Adams franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com*
- *Julie A Belezzuoli julie.belezzuoli@kayescholer.com*
- *Dennis G Bezanson dennis.bezanson@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com*
- *Charles Canter charles.canter@usdoj.gov*
- *Louis J. Cisz lcisz@nixonpeabody.com, jzic@nixonpeabody.com*
- *Alicia Clough aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com*
- *Marc S Cohen mscohen@loeb.com, klyles@loeb.com*
- *Ashleigh A Danker Ashleigh.danker@dinsmore.com;SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com*
- *Joseph A Eisenberg jae@jmbm.com, bt@jmbm.com*
- *Mark Gorton mgorton@boutininc.com, cdomingo@boutininc.com*
- *Keith E Johnson kjohnson@goodinmacbride.com*
- *Gary M Kaplan gkaplan@fbm.com*
- *Quinn Scott Kaye kaye@millercanfield.com*
- *Merle Meyers mmeyers@mlg-pc.com*
- *Nikhila Raj nraj@fulbright.com*
- *Elaine M Seid emseid@mstpartners.com*
- *Matthew J. Shier mshier@shierkatz.com, mterry@shierkatz.com*
- *Matthew J Troy matthew.troy@usdoj.gov*
- *United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov*
- *Philip S Warden philip.warden@pillsburylaw.com, thomas.loran@pillsburylaw.com;kathy.stout@pillsburylaw.com;deirdre.campino@pillsburylaw.com*
- *Howard J Weg hweg@robinskaplan.com*
- *Rebecca J Winthrop rebecca.winthrop@nortonrosefulbright.com, diana.cardenas@nortonrosefulbright.com*
- *Alan Z Yudkowsky ayudkowsky@stroock.com*
- *Alan Z Yudkowsky AZYLaw@earthlink.net*

**III. SERVED VIA REGULAR U.S. MAIL:**

(see attached service list)

**CalPX**
**FERC Service List**

Kimberly D. Bose, Secretary
Nathaniel J. Davis, Sr., Deputy Secretary
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

El Paso Energy Merchant, L.P.
Legal Department
1001 Louisiana St
Houston, TX 77002-5089

Covington & Burling
Partner
Nicholas Fels
1201 Pennsyvanaia Avenue N.W.
Washington, DC 20004

Pacific Gas and Electric Company
PG&E Law Dept FERC Cases
77 Beale Street
San Francisco, CA 94105

Berman and Todderud LLP
Stan Berman
3502 Fremont Ave N, #1
Seattle, WA 98103

Duncan, Weinberg, Genzer & Pembroke PC
Lisa Gast
1667 K Street, NW, Suite 700
Washington, DC 20006

CA Electricity Oversight Board
Legal Department
455 Golden Gate Ave; Ste 11000
San Francisco, CA 94102-7004

Moyes Storey
3003 N. Central Ave. #12
Phoenix, AZ 85012

Irrigation & Electrical District Association
Robert Lynch, Attorney at Law
340 E. Palm Lane
Suite 140
Phoenix, AZ 85004-4603

STRATEGY INTEGRATION
President
Eric Woychik
9901 Caloden Lane
Oakland, CA 94605

KR Saline and Associates
Kenneth Saline
160 N Pasadena Ste 101
Mesa, AZ 85201-6764

CA Independent System Operator Corporation
Director of Infrastructure Con
Deborah Le Vine
250 Outcropping Way
Folsom, CA 95630

PPL Montana, LLC
David B. Kinnard, Associate General Counsel
303 North Broadway, Suite 400
Billings, MONTANA 59101

K & L Gates, LLP
Donald A Kaplan
1601 K Street, NW
Washington, DC 20006

Metropolitan Water District of Southern CA
JON LAMBECK, MANAGER
700 N Alameda St
Los Angeles, CA 90012-2944

Duncan & Allen LLP
Donald Allen
1575 Eye Street, N.W., Suite 300
Washington, DC 20005

Independent Energy Producers Association
Executive Director
Jan D Smutny-Jones
1215 K Street,Suite 900
Sacramento, CA 95814

PINNACLE WEST CAPITAL CORPORATION
400 NORTH FIFTH STREET
MS8695
PHOENIX, AZ 85004

Electric Power Supply Association
1401 New York Ave, NW, Suite 950,
Washington, DC 20005-2110

Duncan Weinberg Genzer & Pembroke, PC
Kristen Connolly McCullough
1667 K Street, NW, Suite 700
Washington, DC 20006

Duncan, Weinberg, Genzer & Pembroke PC
Sean Neal
915 L Street, Suite 1410
Sacramento, CA 95814

Sidley Austin LLP
Heather Curlee
701 Fifth Ave, Suite 5100
INC000000445898
Seattle, WA 98104

City of Azusa, CA
Joseph F Hsu, Director
729 N Azusa Ave
Azusa, CA 91702-2528

Steptoe & Johnson LLP
Jennifer Key
1330 Connecticut Ave., N.W.
Washington, DC 20036-1795

City of Banning, CA
Dir. Public Works
Tim Earheart
176 E Lincoln St
Banning, CA 92220-4962

Thompson Coburn LLP
Bonnie Blair
1909 K Street, N.W., Suite 600
Washington, DC 20006

San Diego, City of
Attn: Leslie J Girard or Fritz M Ortlieb
202 C Street
San Diego, CA 92101

McCarter & English, LLP
Robert O'Neil
1301 K Street N.W.
Suite 1000 West
Washington, DC 20005

Colorado Office of Consumer Counsel
1560 Broadway, Suite 200
Denver, CO 80202

American Association of Business Persons with Disabilities
President
Ira Schoenholtz
2 Woodhollow
Irvine, CA 92604-3229

Hunton & Williams LLP
Theodore Murphy, Esq.
2200 Pennsylvania Ave., NW
Washington, DC 20037-1701

Moyes, Sellers and Hendricks Ltd.
1850 N. Central Ave, Suite 1100
Phoenix, AZ 85004-4541

Brickfield Burchette Ritts & Stone, PC
Michael McCarty
1050 30th Street, NW
Washington, DC 20007

Leonard Street and Deinard, PA
Steven Weiler
1401 New York Avenue, NW
Suite 900
Washington, DC 20005

Jennings, Strouss & Salmon, P.L.C.
Partner/Attorney
Deborah Swanstrom
1350 I Street, NW, Suite 810
Washington, DC 20005

McNees Wallace & Nurick LLC
Samuel Randazzo
21 East State Street, 17th Floor
Columbus, OHIO 43215

BP Energy Company
Senior Counsel
Casey McFaden
600 N. Dairy Ashford
ML 2064
Houston, TX 77079

Troutman Sanders LLP
Jeffrey Jakubiak
200 Park Avenue
New York, NEW YORK 10166

City of Vernon, CA
City Administrator
Donal O'Callaghan
4305 Santa Fe Ave
Vernon, CA 90058-1714

McDermott Will & Emery LLP
Robert M Lamkin
500 N. Capitol Street, NW
Washington, DC 20001

MURPHY & BUCHALL LLP
Paul Murphy
2000 NW First Ave., Suite 320
Portland, OREGON 97201

Braun Blaising Smith Wynne, P.C.
Charles Braun
915 L Street, Suite 1270
Sacramento, CA 95814

McCarter & English, LLP
Randolph Elliott
1301 K Street N.W.
Washington, DC 20005

American Public Power Association
2451 Crystal Drive, Suite 1000
Arlington, VA 22202

InterGen North America, LP
Vimal Chauhan
15 Wayside Rd
Burlington, MA 01803-4620

Metropolitan Water District of Southern CA
Senior Deputy General Counsel
Mark Parsons
Box 54153
Los Angeles, CA 90054-0153

Jennings, Strouss & Salmon, P.L.C.
Deborah Swanstrom
1350 I Street, NW, Suite 810
Washington, DC 20005

Davis Wright Tremaine LLP
Steven Greenwald
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

Stinson Leonard Street LLP
Stinson Morrison Heckler LLP
Glen Ortman
1150 18th Street, N.W. Suite 800
Washington, DC 20036-4606

CA Independent System Operator Corporation
Daniel James Shonkwiler, Senior Counsel
250 Outcropping Way
Folsom, CA 95630

Alston & Bird LLP
Michael Kunselman
1919 Pennsylvania Ave.
Washington, DC 20006

Port Of Oakland
530 Water St,
Oakland, CA 94607

Skadden, Arps, Slate, Meagher & Flom LLP
John Estes, Partner
1440 New York Avenue, NW
Washington, DC 20005

CA Public Utilities Commission
Staff Counsel
Elizabeth Marie McQuillan, ESQ
505 Van Ness Avenue
San Francisco, CA 94102

Crossborder Energy
Attn: R. Thomas Beach
2560 Ninth St # 213A
Berkeley, CA 94710

Haynes & Boone, L.L.P.
Diana Liebmann
112 E Pecan St Ste 1600
San Antonio, TX 782051524

White & Case LLP
Jane E. Rueger, Partner
700 Thirteenth Avenue NW, Suite 800
Washington, DC 20005

White & Case LLP
Daniel Hagan, Partner
701 Thirteenth Street
Washington, DC 20005

Davis Wright Tremaine LLP
Steven Greenwald
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

Northern CA Power Agency
David Dockham
180 Cirby Way
Roseville, CA 95678-6420

Spiegel & McDiarmid LLP
Lisa Dowden
1875 Eye Street, NW, Suite 700
Washington, DC 20006

Davis Wright Tremaine LLP
Legal Department
856 S Figueroa St Ste 2400
Los Angeles, CA 90017-2516

KJEHL JOHANSEN
South Coast Air Quality Managment District
Barbara Baird
South Coast AQMD
21865 Copley Dr
Diamond Bar, CA 91765-4178

MCGUIREWOODS LLP
GATEWAY PLAZA
800 EAST CANAL STREET
RICHMOND, VA 23219-3916

CA Independent System Operator
Corporation
Roger Collanton
151 Blue Ravine Road
Folsom, CA 95630

Alston & Bird LLP
Sean Atkins, Partner
1301 K Street NW, Suite 500 East
Washington, DC 20005

CA Office of Attorney General
Sup Dep Atty General
Andrea L Hoch
1300 I St., Ste 125
Sacramento, CA 95814-2919

WA Utilities and Transportation Commission
Secretary
Carole J Washburn
1300 S. Evergreen Park Dr. S.W.
Olympia, WA 98504-0001

WA Office of Attorney General
Robert Cedarbaum
1400 S Evergreen Pk Dr SW
Olympia, WA 98504-0128

CA Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Morgan Lewis & Bockius LLP
Floyd Norton
1111 Pennsylvania Ave., NW
Washington, DC 20004

Van Ness Feldman, LLP
Lawrence Acker, Gary Bachman,
Patricia Godley
1050 Thomas Jefferson Street, NW
Washington, DC 20007

Public Utility Commission of Oregon
Senior Economist
Matthew Muldoon
Utility Program, ERFA Division
550 Capitol St NE, Suite 215
Salem, OREGON 97301

Bonneville Power Administration
Deputy General Counsel - Regul
Gerit F. Hull
1111 Schrock Road, Suite 100
Columbus, OHIO 43229

Covington & Burling
Nicholas Fels, Partner
1201 Pennsyvanaia Avenue N.W.
Washington, DC 20004

KR Saline and Associates
Kenneth Saline
160 N Pasadena Ste 101
Mesa, AZ 852016764

Ellison Schneider & Harris LLP
Andrew Brown
2600 Capitol Avenue, Suite 400
Sacramento, CA 95816-5905

Western Area Power Administration
John D. Bremer, ESQ
12155 W. Alameda Pkwy.
Lakewood, COLORADO 80228-8213

Western Area Power Administration
Office of General Counsel
Koji Kawamura
12155 W. Alameda Pkwy
Lakewood, COLORADO 80228

Skadden, Arps, Slate, Meagher & Flom LLP
Clifford Naeve, Partner
1440 New York Avenue
Washington, DC 20005

Hogan & Hartson LLP
Kevin Downey
555 Thirteenth Street, N.W.
Washington, DC 20004

Andrews Kurth LLP
Kenneth Wiseman
5021 Grove Street
Chevy Chase, MARYLAND 20815

Stinson Leonard Street LLP
Thompson Coburn LLP
Adrienne Clair
1909 K Street NW, Suite 600
Washington, DC 20006

Puget Sound Energy, Inc.
Robert Neate
10885 NE 4th Street
PSE-11N
Bellevue, WA 98004

Redding, CA, City of
Attn: Jim Nichols
777 Cypress Avenue
Redding, CA 96001

Duncan, Weinberg, Genzer & Pembroke PC
Michael Postar
1667 K Street, N.W., Suite 700
Duncan Weinberg Genzer & Pembroke
Washington, DC 20006

John & Hengerer
Douglas John
1730 Rhode Island Avenue, N.W., Suite 600
Washington, DC 20036-3116

Sidley Austin LLP
Eugene Elrod
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

FERGUS, a law firm
Gary Fergus
535 Mission Street, 14th Fl
San Francisco, CA 94105

Van Ness Feldman, LLP
Brian Zimmet
Hunton & Williams
1900 K Street, N.W.
Washington, D.C., DC 20006

Andrews Kurth LLP
Kenneth Wiseman
5021 Grove Street
Chevy Chase, MD 20815

Covington & Burling
Nicholas Fels
1201 Pennsyvanaia Avenue N.W.
Washington, DC 20004

Reliant Resources, Inc.
1000 Main Street
Houston, TX, 77002-6307

Paul Hastings Janosfsky & Walker LLP
William DeGrandis
2050 M Street, NW
Washington, DC 2003

Douglass & Liddell, an association of professional corporations
Daniel Douglass
5737 Kanan Road, uite 610
Agoura Hills, CA 91301

Direct Energy, LP
Sr. Dir., Gov. & Reg. Affairs
Bray Dohrwardt
12 Greenway Plz Ste 600
Houston, TX 77046

San Francisco Public Utilities Comm.
Attn: Sandra Rovetti
525 Golden Gate
San Francisco, CA 94102-3220

Alcantar & Kahl LLP
120 Montgomery Street, Suite 2200
San Francisco, CA 94104

San Francisco, City & County of
Attn: Sandra J Rovetti
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

San Francisco Office of City Attorney
Deputy City Attorney
Theresa Mueller
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

City of Riverside, CA
Public Utilities
Public Utilities Department
3900 Main St
Riverside, CA 92522-0001

Los Angeles, County, Internal Service Dept.
Division Manager
Howard Choy
1100 N Eastern Ave
Los Angeles, CA 90063-3200

Sutherland Asbill & Brennan LLP
Daniel Frank
700 Sixth Street NW, Suite 700
Washington, DC 20001-3980

Linda Strout
2711 Alaskan Way
Seattle, WA 98121-1107

The Kroger Co.
Attn: Bruce M Gack
014 Vine Street
Cincinnati, Ohio 45202-1100

Jennings, Strouss & Salmon, P.L.C.
Alan Robbins
1300 I Street NW, Suite 1120
Washington, DC 20005

Montana Office of Attorney General
Michael P McGrath
215 N. Sanders, 3rd floor
Helena, Montana 596201401

Duncan, Weinberg, Genzer & Pembroke PC
Peter Scanlon
1667 K Street, NW, Suite 700
Washington, DC 20006

Wah Chang
James Denham
1600 Old Salem Rd NE
Albany, Oregon 973214548

Sierra Pacific Resources
Attn: Joshua Rokach
P.O. Box 10100 (6100 Neil Road)
Reno, Nevada 89520-0400

McCarter & English, LLP
Randolph Elliott
1301 K Street N.W.
Washington, DC 20005

Consolidated Edison Development, Inc.
Andrew Scher
Law Department
4 Irving Pl Rm 1815-S
New York, New York 10003-3502

Morgan Lewis & Bockius LLP
Joseph Lowell
1111 Pennsylvania Ave NW
Washington, DC 20004

Morgan Lewis & Bockius LLP
Floyd Norton
1111 Pennsylvania Ave., NW
Washington, DC 20004

Paul Hastings Janosfsky & Walker LLP
William DeGrandis
2050 M Street, NW
Washington, DC 2003

Nevada Power Company and Sierra Pacific Power Company
Attn: Joshua Rokach
6226 W Sahara Ave
Las Vegas, NV 89146

Balch & Bingham LLP
Lyle Larson
1901 Sixth Ave., North
Birmingham, AL 35203

Olympus Power Company, LLC
EVP-Government Affairs
Sean Lane
67 Park Place East, 4th floor
Morristown, NJ 07960

Public Utility District No. 1 of Snohomish County, WA
Eric Christensen
Beveridge & Diamond
600 University Street, Suite 1601
Seattle, WA 98101-3109

Kenneth Irvin
Sidley Austin LLP
1501 K St., NW
Washington, DC 20005

Utah Associated Municipal Power Systems
Douglas O Hunter
155 N 400 W, Ste 480
Salt Lake City, UT 84103-1150

CAns for Renewable Energy, Inc.;
Boyd v. MA Dept of Public Utilities, et al
Michael Boyd
5439 Soquel Drive
Soquel, CA 95073

Jennings, Strouss & Salmon, P.L.C.
Deborah Swanstrom
1350 I Street, NW, Suite 810
Washington, DC 20005

CA Independent System Operator Corporation
Assistant General Counsel
Anthony Ivancovich
250 Outcropping Way
Folsom, CA 95630

Heller Ehrman White & McAuliffe LLP
Paul Mohler
4525 40th St N
Arlington, VA 22207

Cable Huston Benedict Haagensen & Lloyd
Chad Stokes
1001 SW Fifth Ave, Suite 2000
Portland, OR 97204-1136

Morgan Lewis & Bockius LLP
Mark Richard Haskell
1825 Eye Street, N.W.
Washington, DC 20006

Akin Gump Strauss Hauer & Feld LLP
Jerry Rothrock
1100 Mid-Continent Tower, suite 1100
Tulsa, OK 74103

Olympus Power, LLC
EVP-Government Affairs
Sean Lane
67 park place east, 4th floor
Morristown, New Jersey 07960

RRI Energy, Inc.
Brooksany Barrowes
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Powerex Corp.
Raj Hundal
666 Burrard St
Vancouver, British Columbia V6C 2X8
CANADA

Southern CA Edison Company
FERC Case Administration
2244 Walnut Grove Ave.
Rosemead, CA 91770

Hogan & Hartson LLP
Kevin Downey
555 Thirteenth Street, N.W.
Washington, DC 20004

Public Service Company of New Mexico
Director, Regulatory Projects
Thomas Wander
Alvarado Square
MS-0920
Albuquerque, NM 87158

K&L Gates LLP
John Longstreth, Dennis Ehling
1601 K Street, NW
Washington, DC 20006

John & Hengerer
Douglas John
1730 Rhode Island Avenue, N.W.
Suite 600
Washington, DC 20036-3116

Seth Lucia
2000 Pennsylvania Avenue NW
Suite 6000
Washington, DC 20006

Exelon Corporation
Assistant General Counsel
Jeanne Dworetzky
101 Constitution Avenue, Suite 400 East
Washington, DC 20001

Ballard Spahr LLP
Andrea Chambers
850 Tenth Street, NW
Washington, DC 20001

Kansas City Power & Light
Director Federal Regulatory Af
Denise Buffington
1200 Main Street, 19th Floor
Kansas City, MISSOURI 64105

Duncan, Weinberg, Genzer & Pembroke PC
Derek Dyson
1667 K Street, NW, Suite 700
Washington, DC 20006

Seth Lucia
2000 Pennsylvania Avenue NW
Suite 6000
Washington, DC 20006

Balch & Bingham LLP
Allen Estes
1901 Sixth Ave North, Ste 1500, Suite 1500
Birmingham, AL 35203-4642

Wisconsin Public Service Corporation
Christopher Plante
700 North Adams St
Green Bay, WISCONSIN 54301

Interim City Attorney, City of Santa Clara
Elizabeth Silver
1500 Warburton Avenue
Santa Clara, CA 95050

Steptoe & Johnson LLP
Richard Roberts
1330 Connecticut Avenue, NW
Washington, DC 20036

Southern CA Edison Company
Russell Archer, Leon Bass, Jr
2244 Walnut Grove Ave
Rosemead, CA 91770

Berman and Todderud LLP
Stan Berman
3502 Fremont Ave N, #1
Seattle, WA 98103

Hawke McKeon & Sniscak LLP
Judith D Cassel
100 North Tenth Street
Harrisburg, PA 17105

Stinson Leonard Street LLP
Marie D Zosa, Esq.
Harvey Reiter
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006

Jones Day
James Beh
51 Louisiana Ave., NW
Washington, DC 20001

American Electric Power Service Corporation
John Crespo
155 West Nationwide Blvd, Suite 500
Columbus, OHIO 43215

Sutherland Asbill & Brennan LLP
Catherine Krupka
1275 Pennsylvania Avenue, NW
Washington, DC 20004

McDermott Will & Emery LLP
Robert Lamkin
500 N. Capitol Street, NW
Washington, DC 20001

Exelon Corporation
Assistant General Counsel
Jeanne Dworetzky
101 Constitution Avenue, Suite 400 East
Washington, DC 20001

Duke Energy Corporation
Molly Suda
1301 Pennsylvania Ave NW
Suite 200
Washington, DC 20004

Federal Energy Regulatory Commission
Commission Staff Counsel
Edith Gilmore
888 First Street, N.E.
32-01
Washington, DC, DC 20426

Sempra Energy
Assistant General Counsel
Sharon Cohen
101 Ash Street, HQ11
San Diego, CA 92101

Duggins Wren Mann & Romero, LLP
Mark Strain
600 Congress Avenue, Suite 1900
Austin, TX 78701

Xcel Energy Services, Inc.
414 Nicollet Mall
Minneapolis, MN 55401

American Electric Power Company, Inc.
John Crespo
155 West Nationwide Blvd, Suite 500
Columbus, OHIO 43215

Thompson Coburn LLP
Margaret Elizabeth McNaul
1909 K Street, N.W., Suite 600
Washington, DC 20006

Thompson Coburn LLP
Rebecca Shelton
1909 K Street, N.W., Suite 600
Washington, DC 20006-1167

Deputy City Attorney, City of Riverside
Susan D Wilson
3900 Main Street
Riverside, CA 92522

City Of Riverside Public Util Dept
Utility Principal Resource Anl
Neng Xu
3435 14th Street
Riverside, CA 92501

City Of Riverside Public Util Dept
Utility Principal Resource Ana
Cindi R Cohen
3435 14th Street
Riverside, CA 92501

Arlen Orchard
General Counsel
Sacramento Municipal Utility District
P.O. Box 15830
Sacramento, CA 95852-1830

CERS – California Energy Resource Scheduling
California Department of Water Resources
1416 9th Street
Sacramento, CA 95814

City of Azusa / Bob Tang
Assistant Director of Resource Management
Azusa Light and Power
City of Azusa
729 N. Azusa Avenue
Azusa, CA 91702

Eugene Water & Electric Board
Scott C. Spettel
Power Management & Planning Manager
500 East 4th Avenue
Eugene, OR 97440-2148

Thomas M. Grim
Cable Huston Benedict Haagensen & Lloyd LLP
1001 SW Fifth Street, Suite 200
Portland, OR 97204

Public Service Company of Colorado
William M. Dudley
1099 18th Street, Suite 300
Denver, CO 80202-1930

Attorneys for Public Service Company of Colorado
c/o Floyd L. Norton IV
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541

Turlock Irrigation District
Jon Stickman
Duncan & Allen
1575 I Street, N.W., Suite 300
Washington, DC 2005-1175

Amy Petersen
Energy Strategy Manager
TID Water and Power
333 E. Canal Drive
P.O. Box 949
Turlock, CA 95381-0949

VIASYN, Inc.
Donald Sutphin
2440Camino Ramon
San Ramon, CA 94583

California Department of Water Resources
P.O. Box 942836
Sacramento, CA 94236-0001

Arizona Electric Power Cooperative, Inc.
1000 South Highway 80
Benson, AZ 85602-7007

AES PLACERITA INC
C/O BOB JOHNSTON
20885 PLACERITA CANYON ROAD
NEWHALL, CA 91321-1934

AES PLACERITA INC
C/O MORRISON & FOERSTER, LLP
425 MARKET STREET, 33RD FLOOR
SAN FRANCISCO, CA 94105-2532

ARIZONA PUBLIC SERVICE CO
C/O SNELL & WILMER, LLP
1920 MAIN STREET, 12TH FLOOR
IRVINE, CA 92614-7209

ARIZONA PUBLIC SERVICE CO
C/O SNELL & WILMER, LLP
ONE ARIZONA CTR- 400 E. VAN BUREN
PHOENIX, AZ 85004-2280

ARIZONA PUBLIC SERVICE CO
C/O STEVE MAESTAS
400 NORTH 5TH ST STATION #9831
PHOENIX, AZ 85004-3992

ARIZONA PUBLIC SVC ENERGY SVCS
1500 1ST AVENUE N E
SUITE 101
ROCHESTER, NY 55906-4170

AUTOMATED POWER EXCHANGE
C/O JACK ELLIS
26340 ALEXANDER PLACE
LOS ALTOS HILLS, CA 94022-2042

AUTOMATED POWER EXCHANGE
C/O WHITE & CASE LLP
633 WEST 5TH STREET, SUITE 1900
LOS ANGELES, CA 90071-2015

AUTOMATED POWER EXCHANGE
JAMES CROSSEN, ESQ
5201 GREAT AMERICA PARKWAY
STE 522
SANTA CLARA, CA 95054-1129

AUTOMATED POWER EXCHANGE
C/O WHITE & CASE, LLP
633 WEST FIFTH STREET, 19TH FLOOR
LOS ANGELES, CA 90071-2005

AQUILA POWER CORPORATION
C/O TRAVIS MARTIN
10750 EAST 350 HIGHWAY
KANSAS CITY, MO 64138-1872

AQUILA, INC.
C/O BLACKWELL,
SANDERS,PEPER,MARTIN,LLP
2300 MAIN ST, P.O. BOX 219777
KANSAS CITY, MO 64108-2416

AVISTA CORP.
P.O. Box 3727
SPOKANE, WA 99220-3727

AVISTA ENERGY INC
C/O THOMAS A JOHNS
201 WEST NORTH RIVER DR STE 610
SPOKANE, WA 99201-2262

AVISTA ENERGY, INC
C/O MORRISON & FOERSTER, LLP
425 MARKET STREET, 33RD FLOOR
SAN FRANCISCO, CA 94105-2482

AVISTA ENERGY, INC
C/O RICHARD N. STEVENS
1141 EAST MISSION AVENUE
SPOKANE, WA 99202

CALIFORNIA POLAR POWER BROKERS
C/O MORTEN HELLE
503 DIVISADERO
SAN FRANCISCO, CA 94117-2212

CALIFORNIA POLAR POWER BROKERS
INC
PILLSBURY WINTHROP LLP
725 SOUTH FIGUEROA STREET
STE 2800
LOS ANGELES, CA 90017-5406

CARGILL-ALLIANT, LLC
12700 WHITEWATER DRIVE
MINNETONKA, MN 55343-9438

COMISION FEDERAL DE ELECTRICIDAD
CALZADA HECTOR TERAN TERAN KM 35
COL WISTERIA MEXICALI B C
BAJA CALIFORNIA, 21147

THE CITY OF ANAHEIM
C/O CITY CLERK
200 S ANAHEIM BLVD
ANAHEIM, CA 92805-3880

CITY OF ANAHEIM
C/O FULBRIGHT & JAWORSKI L.L.P.
865 S. FIGUEROA ST, 29TH FLOOR
LOS ANGELES, CA 90017-2543

CITY OF BURBANK
FULBRIGHT & JAWORSKI LLP
865 S FIGUEROA ST 29TH FLOOR
LOS ANGELES, CA 90017-2543

CITY OF GLENDALE
C/O FULBRIGHT & JAWORSKI, L.L.P.
865 S. FIGUEROA ST. 29TH FLOOR
LOS ANGELES, CA 90017-2543

CITY OF PASADENA
C/O FULBRIGHT & JAWORSKI LLP
865 S FIGUEROA ST 29TH FLOOR
LOS ANGELES, CA 90017-2543

CITY OF SANTA CLARA, DBA SILICON
VALLEY POWER
1500 WARBURTON AVE
SANTA CLARA, CA 95050-3713

CITY OF SEATTLE
C/O JONES, DAY, REAVIS & POGUE
555 WEST FIFTH STREET, SUITE 4600
LOS ANGELES, CA 90013-3002

CONECTIV ENERGY SUPPLY, INC
C/O THELEN REID & PRIEST LLP
101 SECOND STREET, STE 1800
SAN FRANCISCO, CA 94105-3659

CONSTELLATION POWER SOURCE
C/O DAVID M PERLMAN
111 MARKET PLACE SUITE 200
BALTIMORE, MD 21202-7110

CONSTELLATION POWER SOURCE,INC
C/O PAUL. HASTINGS, JANOFSKY & WALKER
555 S. FLOWER ST.,TWENTY-THIRD FL
LOS ANGELES, CA 90071-2300

AES NEWENERGY, INC
C/O MORRISON & FOERSTER, LLP
425 MARKET STREET, 33RD FL
SAN FRANCISCO, CA 94105-2532

ELECTRIC CLEARINGHOUSE INC
C/O J JOLLY HAYDEN
1000 LOUISIANA SUITE 5800
HOUSTON, TX 77002-5050

EDISON MISSION MARKETING & TRADING
C/O KENNETH L LACKEY
18101 VON KARMAN AVENUE STE 1700
IRVINE, CA 92612-0181

EDISON MISSION MARKETING & TRADING
C/OCROSBY, HEAFE, ROACH & MAY
1999 HARRISON ST
OAKLAND, CA 94612-3520

EDISON MISSION MARKETING & TRADING
C/O CROSBY, HEAFE, ROACH & MAY
1999 HARRISON ST
OAKLAND, CA 94612-3520

EDISON MISSION MARKETING & TRADING
DOUGLAS G BOVEN
P.O. BOX 2084
OAKLAND, CA 94604-2084

ENRON POWER MARKETING INC
C/O BENNETT G YOUNG ESQ
ONE EMBARCADERO CTR STE 400
SAN FRANCISCO, CA 94111-3619

ENRON POWER MARKETING INC
C/O KIM S THERIOT
1400 SMITH STREET
HOUSTON, TX 77002-7327

HAFSLUND ENERGY TRADING
C/O JOSEF MUELLER
101 ELLIOTT AVENUE, STE 510
SEATTLE, WA 98119-4292

HAFSLUND ENERGY TRADING LLC
C/O HEINE RONNINGEN
595 MARKET STREET SUITE 2500
SAN FRANCISCO, CA 94105-2838

HAFSLUND ENERGY TRADING LLC
C/O KEITH JOHNSON
505 SANSOME ST, STE.900
SAN FRANCISCO, CA 94111-3133

IDAHO POWER COMPANY
1221 W. IDAHO STREET
BOISE, ID 83702-5627

IDAHO POWER COMPANY
C/O JAMES R. THOMPSON
1221 W. IDAHO STREET
BOISE, ID 83702-5627

IDAHO POWER COMPANY
C/O MICHELLE CATHERINE
1221 WEST IDAHO STREET
BOISE, ID 83702-5627

IDAHO POWER COMPANY
C/O MORRISON & FOERSTER LLP
425 MARKET STREET, 33RD FLOOR
SAN FRANCISCO, CA 94105-2482

ILLINOVA ENERGY PARTNERS INC
C/O LAYNE BROWN
6955 UNION PARK CENTER SUITE 300
MIDVALE, UT 84047-4191

KOCH ENERGY TRADING INC
C/O ADAM GOLDBERG
600 TRAVIS STREET 12TH FLOOR
HOUSTON, TX 77002-3009

Los Angeles Department of Water and Power
c/o Louis J. Cisz, III, Esq.
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3716

DEPARTMENT OF WATER AND POWER
C/O KJEHL T JONANSE, ESQ
P O BOX 51111 STE 340
LOS ANGELES, CA 90051-5700

DEPARTMENT OF WATER AND POWER
C/O DANNING, GILL, DIAMOND & KOLLITZ
2029 CENTURY PARK EAST, THIRD FL
LOS ANGELES, CA 90067-2901

DEPARTMENT OF WATER AND POWER
OFFICE OF CITY ATTORNEY-LEGAL DIV
PO BOX 51111-SUITE 340
LOS ANGELES, CA 90051-0100

LG&E ENERGY MARKETING INC
C/O PATRICK FRAZIER
220 WEST MAIN STREET
LOUISVILLE, KY 40202-1395

MIDWAY SUNSET COGENERATION COMPANY
C/O EDMOND R WESTERN
3466 WEST CROCKER SPRINGS ROAD
FELLOWS, CA 93224

MIECO INC
C/O RICHARD LOWELL
301 EAST OCEAN BLVD STE 1100
LONG BEACH, CA 90802-4832

MODESTO IRRIGATION DISTRICT
C/O BLAIR JACKSON
1231 ELEVENTH STREET
MODESTO, CA 95354-0701

Modesto Irrigation District
915 L Street, Suite 1410
Sacramento, CA 95814-3765

THE MONTANA POWER TRADING & MARKETING CO
16 EAST GRANITE ST
BUTTE, MT 59701-9326

MORGAN STANLEY CAPITAL GROUP INC
1585 BROADWAY 4TH FLOOR
NEW YORK, NY 10036-8200

MORGAN STANLEY CAPITAL GROUP, INC
C/O MCDERMOTT, WILL & EMERY
2049 CENTURY PARK EAST,34TH FLOOR
LOS ANGELES, CA 90067-3101

MORGAN STANLEY CAPITAL GROUP,INC
C/O MCDERMOTT, WILL & EMERY
300 13TH STREET N.W.
WASHINGTON, DC 20005-3096

Northern California Power Agency
c/o McDonough Holland & Allen PC
500 Capitol Mall, 18th Floor
Sacramento, CA 95814-4741

NORTHERN CALIFORNIA POWER AGENCY
C/O MCDONOUGH, HOLLAND & ALLEN
555 CAPITOL MALL, 9TH FLOOR
SACRAMENTO, CA 95814-4504

NORTHERN CALIFORNIA POWER AGENCY
C/O THOMAS GREEN
651 COMMERCE DR
ROSEVILLE CA 95678-6411

PACIFICORP
825 NE MULTNOMAH
SUITE 2300
PORTLAND, OR 97232-2157

PACIFICORP
C/O MARK FISCHER
9951 SE ANKENY STREET
PORTLAND, OR 97216-2315

PACIFICORP
C/O STOEL RIVES LLP
900 SW FIFTH AVENUE, SUITE 2600
PORTLAND, OR 97204-1229

PACIFICORP POWER MARKETING INC
C/O MARK S FISCHER
830 NE HOLLADAY STREET STE 200
PORTLAND, OR 97232-5102

PECO ENERGY COMPANY
C/O MICHAEL KAUFMAN
2004 RENAISSANCE BLVD
KING OF PRUSSIA, PA 19406-2787

PG&E ENERGY SERVICES CORP
C/O WILLIAM TALBOTT
345 CALIFORNIA STREET
SAN FRANCISCO, CA 94104-2606

PORTLAND GENERAL ELECTRIC CO
C/O WILLIAM S CASEY
121 SW SALMON STREET
PORTLAND, OR 97204-2977

BRITISH COLUMBIA PWR EXC. CORP
POWEREX CORP
666 BURRARD STREET SUITE 1400
VANCOUVER, BC V6C 2X8

PP&L MONTANA LLC
C/O JOEL D COOK
45 BASIN CREEK ROAD
BUTTE, MT 59701-9704

PUBLIC UTILITY DIST #2 GRANT COUNTY
LAW OFFICES OF RAY FOIANINI
109 DIV AVE WEST/P.O. BOX 908
EPHRATA, WA 98823-0908

PUBLIC UTILITY DIST.#2 GRANT COUNTY
JONES, DAY, REAVIS & POGUE
555 WEST FIFTH STREET, SUITE 4600
LOS ANGELES, CA 90013-3002

NORAM ENERGY SERVICES INC
C/O LISA FLOWERS
PO BOX 4455
HOUSTON, TX 77210-4455

SALT RIVER PROJECT AGRICULTURAL
C/O JANE D ALFANO ESQ
PO BOX 52025 MAIL STAT. P.O. BOX 007
PHOENIX, AZ 85072-2025

SALT RIVER PROJECT AGRICULTURAL
THE COLLIER CENTER, 11TH FL
201 EAST WASHINGTON STREET
PHOENIX, AZ 85004-2428

SAN DIEGO GAS & ELECTRIC
8330 CENTURY PARK COURT
SAN DIEGO, CA 92123-1530

SAN DIEGO GAS & ELECTRIC
8330 CENTURY PARK COURT
SAN DIEGO, CA 92123-1530

SAN DIEGO GAS & ELECTRIC CO
C/O WILLIAM REED
101 ASH STREET
SAN DIEGO, CA 92101-3017

SAN DIEGO GAS & ELECTRIC COMPANY
C/O HENNIGAN BENNETT & DORMAN LLP
601 SOUTH FIGUEROA ST, STE 3300
LOS ANGELES, CA 90017-5793

SAN DIEGO GAS & ELECTRIC CO
C/O WILLIAM REED
101 ASH STREET
SAN DIEGO, CA 92101-3017

SAN DIEGO GAS & ELECTRIC COMPANY
C/O HENNIGAN BENNETT & DORMAN LLP
601 SOUTH FIGUEROA ST, STE 3300
LOS ANGELES, CA 90017-5793

CORAL POWER LLC
C/O ROBERT REILLEY
909 FANIN SUITE 700
HOUSTON, TX 77010-1035

CORAL POWER, L.L.C.
C/O FULBRIGHT & JAWORSKI, L.L.P.
300 CONVENT, SUITE 2200
SAN ANTONIO, TX 78205-1316

CORAL POWER, LLC
C/O PETER MASON
865 SOUTH FIGUEROA ST. 29TH FLR.
LOS ANGELES, CA 90017-2543

SIERRA PACIFIC INDUSTRIES
C/O BOB ELLERY
19794 RIVERSIDE AVENUE
ANDERSON, CA 96007-4908

SIERRA PACIFIC INDUSTRIES
C/O MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2532

STRATEGIC ENERGY LLC
C/O WANDA M. SCHILLER
TWO GATEWAY CENTER
PITTSBURGH, PA 15222

TRANSALTA ENERGY MARKETING CA
C/O WAYNE T. LAMPREY
505 SANSOME, STE 900
SAN FRANCISCO, CA 94111-3133

TRANSALTA ENERGY MARKETING CA INC
110-12TH AVE SW -BOX 1900 STAT M
CALGARY, AB T2R 0T3

TRANSALTA ENERGY MARKETING CA INC
C/O BRINKMAN & ASSOCIATES
800 WILSHIRE BLVD, SUITE 950
LOS ANGELES, CA 90017-2604

TRANSALTA ENERGY MARKETING CA INC
C/O STERLING KOCH
BOX 1900 STATION M-110-12TH AVE SW
CALGARY,

TUCSON ELECTRIC POWER COMPANY
C/O STEVEN J GLASER
220 WEST SIXTH STREET
TUCSON, AZ 85702

WILLIAMS ENERGY SERVICES COMPANY
C/O CHRISTOPHER BROWN
ONE WILLIAMS CENTER PO BOX 2848
TULSA, OK 74101-2848

WILLIAMS ENERGY SVCS,MARKETING,ETC
C/O JONES, DAY, REAVIS & POGUE
555 WEST FIFTH STREET, STE 4600
LOS ANGELES, CA 90013-3002

CSW Energy Services
470 James Street, Suite 007
New Haven, CT 06513

El Paso Electric
P.O. Box 982
El Paso, Texas 79960

MERCHANT ENERGY GROUP
275 WEST ST STE 320
ANNAPOLIS MD 21401

Southern Company Energy Marketing, LP
30 Ivan Allen Jr. Blvd. NW
Atlanta, GA 30308

California ISO
P.O. Box 639014
Folsom, CA 95630

Allegheny Energy
2337 Roscomare Rd UNIT 11
Los Angeles, CA 90077

First Energy
c/o Amy M. A. Klodowski
615 Sandy Hill Rd
Valencia, PA 16059

CALPINE CORPORATION
101 SECOND STREET, SUITE 1800
SAN FRANCISCO, CA 94105-3659

CALPINE ENERGY SERVICES, L.P.
C/O ALEXANDRE MAKLER, ESQ.
1350 EYE STREET N.W., STE 1270
WASHINGTON, DC 20005-3331

CALPINE ENERGY SERVICES, L.P.
C/O THELEN REID PRIEST LLP
101 SECOND STREET, STE 1800
SAN FRANCISCO, CA 94105-3659

CSW ENERGY SERVICES INC
C/O BOB TUMILTY
TWO W SECOND ST/P.O. BOX 21928
TULSA, OK 74103-3123

EL PASO POWER SERVICES CO
C/O KERRY OVERTON
1001 LOUISIANA STREET
HOUSTON, TX 77002-5089

MERCHANT ENERGY GRP OF
THE AMERICAS INC C/O MATT MOTLEY
275 WEST STREET SUITE 320
ANNAPOLIS, MD 21401-3499

SOUTHERN CO ENERGY MARKETING LP
C/O JOHN L O'NEAL
900 ASHWOOD PARKWAY STE 490
ATLANTA, GA 30338-6999

IdaCorp Energy
1221 W. Idaho St.
Boise, ID 83702-5627

El Paso Electric
100 N. Stanton St.
El Paso, TX 79901

El Paso Electric
P.O. Box 982
El Paso, TX 79960

Calpine Energy Solutions
401 West A St., Suite 500
San Diego, CA 92101

El Paso Power Services
c/o CT Corporation System
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Arthur Andersen
10100 Santa Monica Blvd #410
Los Angeles, CA 90067

Lorie A Ball
Robins Kaplan LLP
2049 Century Park E Ste 3400
Los Angeles, CA 90067

Dr Barbara R Barkovich
P.O. BOX 11031
Oakland, CA 94611

BDO Seidman LLP
1900 Ave Of The Stars Ste 1100
Los Angeles, CA 90067

Bruder Gentile & Mar
1100 New York Ave Nw
Washington, DC 20005-3934

Robert M Bruning
Cooper & Bruning LLP
600 So Lake Ave, Ste 402
Pasadena, CA 91106

City Of Los Angeles
P.O. Box 5111 R340
Los Angeles, CA 90051-0100

City of Pasadena
100 North Garfield Ave.
Pasadena, CA 91101

Marc S Cohen
1900 Ave Of The Stars, #2100
Los Angeles, CA 90067

Dynegy Power Marketi
50 Fremont St P.O. Box 7880
San Francisco, CA 94128

Dennis M.P. Ehling
Kirkpatrick Lockhart Preston Gates Ellis
10100 Santa Monica Blvd 7th Fl
Los Angeles, CA 90067

Equilon Enterprises LLC d/b/a Shell Oil
Products US
2101 CA-1
Wilmington, CA 90744

Patricia N Gillman
6600 Sears Tower
Chicago, IL 60606

David K Gottlieb
15233 Ventura Blvd 9th Fl
Sherman Oaks, CA 91403

Greenberg Glusker
1900 Ave Of The Stars Ste 2100
Los Angeles, CA 90067-4590

Hedman & Associates
24300 Town Center Dr Ste 210
Valencia, CA 91355

Jeffer Mangels Et Al
2121 Ave Of The Stars 10th Flr
Los Angeles, CA 90067-5010

Katten Muchin Zavis
1999 Avenue Of The Stars Suite 1400
Los Angeles, CA 90067-6042

Kaye Scholer LLP
1999 Avenue Of The Stars Suite 1700
Los Angeles, CA 90067-6048

Richard J Morillo
Senior Assistant City Attorney
City of Burbank
275 East Olive Avenue, PO Box 6459
Burbank, CA 91510-6459

James H Mcgrew
1100 New York Avenue Nw Ste 510 E
Washington, DC 20005-3934

Reliant Energy Servi
C/o Bingham 1900 University Ave
East Palo Alto, CA 94303

Charles B Renfrew
710 Sansome St
San Francisco, CA 94111-1704

Sacramento Municipal Utility District
P.O. Box 15830
Sacramento, CA 95852-1830

Schiff Hardin Waite
233 S Wacker Dr #6600
Chicago, IL 60606

BDO Seidman
1900 Ave Of The Stars 11th Fl
Los Angeles, CA 90067

Sullivan Sottile Tak
31351 Via Colinas Suite 205
Westlake Village, CA 91362

Howard J Weg
2029 Century Pk East Suite 3100
Los Angeles, CA 90067

Ben D Whitwell
202 N Canon Dr
Beverly Hills, CA 90210

Whitwell Jacoby Emho
202 N Cannon Dr 2nd Fl
Beverly Hills, CA 90201